Shippen vs. Curry, &c.

CASE 45—MOTION—OCTOBER 15.

## Shippen vs. Curry, &c.

**APPEAL FROM PENDLETON CIRCUIT COURT.**

Where an execution was accidentally misplaced by the sheriff, and not returned by him in consequence thereof for thirty days after the return day, but had been regularly replevied by parties abundantly good for the debt.  *Held*—in a motion against the sheriff and his sureties to recover the amount of the execution, and thirty per centum damages for the failure to return it as required by law—that they are not liable.

Evidence offered and heard in the circuit court without exception, cannot be objected to for the first time in the court of appeals.

SAML. F. SWOPE, for appellant, cited *Rev. Statutes, chapter* 36, *art.* 18, *sec.* 4; 5 *Mon.*, 125; *Littell's Sel. Cases*, 271.

W. C. MARSHALL, for appellees, cited 1 *Stanton's Rev. Statutes*, page 494, *note*.

C. DUNCAN, on same side, cited *Jenkins vs. Hooper*, *MS. opin.*, *December*, 1852.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Shippen prosecutes this appeal to reverse a judgment of the court below, dismissing his motion against the sheriff of Pendleton county and his sureties, to recover the amount of an execution, and thirty per centum damages thereon, for a failure to return the execution as required by law.

The execution was returnable on the third Saturday of November, 1859. It appears, from the returns of the officer indorsed on the writ, that it came to hand the 12th September, 1859; that it was levied on the 18th November, 1859, on a crop of tobacco belonging to the defendant, but was replevied before sale; and that "this *fi. fa.* accidentally misplaced until the thirty days after return day is out, and not returned in consequence thereof until February 3, 1860." The replevin bond was also returned.

These returns were read in evidence, without objection on the part of the appellant, and the question is, whether the facts therein disclosed constitute a sufficient excuse for the failure to return the writ until after the lapse of the thirty days.

The 4*th section of art.* 18, *chap.* 36, *Revised Statutes*, (*page* 493, *Stanton's edition*,) provides, in substance, that a sheriff who fails to return an execution to the office whence it issued, for thirty days after the return day, "*without reasonable excuse for such failure*," shall, with his sureties, be liable for the amount thereof, and thirty per centum damages thereon.

This section is a substantial re-enactment of the second section of the act of 1811, which gave the right of recovery upon the sheriff's failure, neglect, or refusal, "*without good cause*," to return an execution within the time prescribed.

In the case of *Waring vs. Thomas*, (1 *Littell*, 253,) it was shown that the execution had been mislaid and could not be found, and this circumstance, although implying some degree of negligence on the part of the officer, was deemed a suffi-

cient cause within the act., So in the case of *Danforth vs.* *Oglesby*, (*MS. opinion, Spring Term,* 1842,) the sheriff, in going to the clerk's office with several executions in his hand, for the purpose of returning them, was casually stopped by the way, and having lain the executions under a book in the room where he was, inadvertently left them there, and afterwards supposed he had returned them. He was proceeded against upon one of these executions, and the facts stated were held to be a sufficient excuse for the failure to return. To the same effect are the subsequent cases of *Basset vs. Bowmar*, (3 *B. Mon.*, 328,) and *Jenkins vs. Hooper*, (*MS. opinion, December Term*, 1852.)

In most, if not all, the cases upon this subject, great effect was given, and very properly, we think, to the circumstance, that no real loss or injury had resulted to the plaintiffs in the executions, from the failure to return them.

These authorities are conclusive of the present case. The proof is, without contradiction, that the execution was accidentally misplaced, and was not returned in time, in consequence thereof. It is moreover shown, that the execution was regularly replevied, by two parties abundantly good for the debt. And although the defendant in the execution did not sign the replevin bond, it is none the less obligatory as to those who did execute it.

To so much of the argument as rests upon the inadmissibility of the sheriff's return, as evidence to sustain the defense, it is sufficient to reply, that it was offered and heard in the court below, without exception on the part of the appellant, and under the well settled rule of practice his objection urged here, for the first time, comes too late.

The judgment is affirmed.